# CHARLESTON.

BALL *et al.* v. FREEMAN.

Submitted September 14, 1915.    Decided November 16, 1915.

MINES AND MINERALS—*Oil Lease—Construction.*

> Where, in a deed conveying oil and gas, upon a stated consideration, it is further provided that the grantee is to pay the grantors an additional consideration ''within ninety days after a well for oil and gas is drilled on the land and oil produced in pipe line in paying quantities'', there is no obligation for the additional consideration because of the production of gas alone.

Error to Circuit Court, Doddridge County.

Action by R. A. Ball and others against Joseph Freeman. Judgment for plaintiffs, and defendant brings error.

*Reversed and judgment rendered.*

*L. W. Chapman,* for plaintiffs in error.

*A. F. McCue,* for defendant in error.

MASON, JUDGE:

Ball and wife have sued Freeman for the sum of $250.00, and have obtained a judgment of recovery therefor, of all which Freeman complains.

The claim grows out of a conveyance by Ball and wife to Freeman of one-sixteenth of all the oil and one-half of all the gas underlying a parcel of land. The deed, dated February 23, 1901, recites a consideration of one hundred and fifteen dollars, cash in hand paid, and a further consideration thereafter to be mentioned. And thereafter in the deed we have this: ''The further consideration above mentioned is that the said party of the second part is to pay to the first parties Two Hundred and Fifty Dollars within ninety days after a well for oil and gas is drilled on the above land and oil produced in pipe line in paying quantities, and to pay $250.00 within ninety days after each paying well thereafter is drilled on said land until the payments amount in all to $1500.00 including said first payment.''

A well was drilled on the land, which produced gas only.

No oil has been "produced in pipe line in paying quantities." But the Balls claim by their action that the production of gas makes Freeman to owe them $250.00, by the terms of the stipulation in the deed quoted. Does it? That is the sole question in the case.

We are constrained to hold that the ruling of the circuit court on the construction of this stipulation is wrong. In our opinion, the production of gas alone did not make the additional consideration payable. For, the parties distinctly stipulated that the additional consideration was to be paid, not simply in the event of finding gas, but within ninety days after a well for oil and gas is drilled "and *oil* produced in pipe line in paying quantities." The parties put this quoted clause in their contract. We must give it the effect that it has. It plainly makes no additional payment of consideration obligatory until *oil* is produced in the pipe line. The parties did not simply say that the money was to be paid within ninety days after a well for oil and gas is drilled, but within ninety days after that is done *and oil is produced in the pipe line in paying quantities.* Evidently the minds of the parties were upon the production of oil alone as a condition to obligation for the additional payments; for, they are explicit in referring to its production in the pipe line. True, they speak of a well "for oil and gas", but every well is so denominated before production. When they came to speak of what the well shall produce before the money shall be due, they speak alone of the production of oil. Can we, without changing the plain terms of the contract, insert the word "gas"? Why did not the parties themselves insert it? We must assume that they did not intend to do so, for they left it out. There is nothing in the language of the parties from which we may safely find expression of intention to have it inserted. The context does not call for the supplying of an omission of the word "gas". Nor, is there anything in the character of the transaction, or the circumstances and surroundings of the parties, that calls for its insertion. Evidently the parties meant the finding of gas to be covered by the initial consideration of one hundred and fifteen dollars, and only the producing of oil in paying quantities to call for the additional consideration.

The judgment will be reversed, and judgment of nil capiat will be entered here.

*Reversed and judgment rendered.*